```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**MARVIN B. DAVIS,**

                **Petitioner,**

        **v.**                                                      **CASE NO. 08-3097-SAC**

**ROGER WERHOLTZ, et al.,**

                **Respondents.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition based upon petitioner's failure to exhaust state court remedies. Having reviewed the record, the court grants respondents' unopposed motion.

Petitioner alleges constitutional error in his 1997 conviction in Sedgwick County District Court Case 96-CR-2192. The Kansas Court of Appeals affirmed petitioner's conviction and sentence (Appeal No. 79553) and the Kansas Supreme Court denied further review on September 28, 1999. Thereafter petitioner sought post-conviction relief in a motion filed under K.S.A. 60-1507. The state district court's denial of that motion eventually became final on October 1, 2007, upon the termination of petitioner's second appeal in that post-conviction proceeding.

Meanwhile, in October 2006, petitioner filed a motion in the state district court, Sedgwick Case No. 06-CV-4383, seeking a new trial on the 1996 criminal charges. Petitioner's appeal from the

district court's denial of that motion (Appeal No. 99121) is currently pending before the Kansas Court of Appeals.

Petitioner filed the instant § 2254 petition on April 8, 2008.

### Discussion

Comity requires that every claim presented for habeas review under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). *See also* 28 U.S.C. § 2254(b)(1)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances.").

In the present case, petitioner does not contest that he is currently pursuing appellate review regarding his conviction on the 1996 criminal charges, and does not oppose respondents' motion for dismissal of the instant § 2254 petition without prejudice to allow petitioner to complete that state appellate review. The court thus finds the petition should be dismissed without prejudice to petitioner refiling a habeas application under § 2254 after petitioner has fully exhausted available state court remedies.

The court further finds on the facts presented in the record that a stay of this matter is not required to preserve petitioner's opportunity to refile a § 2254 petition within the § 2244(d)(1) limitation period after petitioner's pending state appeal has been resolved. *See* Rhines v. Weber, 544 U.S. 269 (2005) (discussing

impact of § 2244(d)(1) limitation period on dismissal of habeas petitions pursuant to total exhaustion rule).

Petitioner is reminded that a one year limitation period applies to habeas petitions filed by a person in custody pursuant to a state court judgment, and runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  In the present case, the one year limitation period began running on December 27, 1999, upon expiration of the time for seeking a writ of certiorari in the United States Supreme Court in petitioner's direct appeal.  *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed).

The running of the § 2244(d)(1) limitation period is tolled while any properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts, 28 U.S.C. § 2244(d)(2), thus petitioner's filing of his first post-conviction motion in March 2000 interrupted or "tolled" the running of this statutory one year limitation period.  Because petitioner initiated his second post-conviction proceeding prior to final state appellate review in his first post-conviction action, tolling under § 2244(d)(2) continues through completion of petitioner's currently pending post-conviction appeal.  At that time, petitioner will have approximately nine months remaining in the § 2244(d)(1) limitation period to

refile his petition. Petitioner is advised that pursuit of certiorari review by the United States Supreme Court impacts the date his conviction became final for purposes of starting the running of the § 2244(d)(1) limitation period, but there is no tolling under § 2244(d)(2) for seeking certiorari review in state post-conviction proceedings. Id.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (Doc. 8) is granted, and the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 11th day of July 2008 at Topeka, Kansas.

                                            s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge