```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARVIN B. DAVIS,**

                        Petitioner,

        v.                                      CASE NO. 08-3097-SAC

**ROGER WERHOLTZ, et al.,**

                        Respondents.


**O R D E R**

     Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. By an order dated July 11, 2008, the court granted respondents' motion to dismiss the petition without prejudice. Before the court is petitioner's motion for reconsideration, which the court treats as a timely filed motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment in this matter. *See* <u>Berrey v. Asarco, Inc.</u>, 439 F.3d 636, 641 n. 3 (10th Cir. 2006)(stating "motion for reconsideration" filed within ten days of judgment is treated as Rule 59(e) motion).

     Having reviewed the record, the court grants petitioner's motion in part to correct error in the court's recitation of petitioner's litigation in the state courts. The court denies the motion in all other respects, and continues to find dismissal of the petition without prejudice is appropriate.

     In the order entered on July 11, 2008, the court stated that petitioner filed a civil action, Sedgwick Case No. 06-CV-4383, seeking a new trial in his 1996 criminal proceeding, and that

petitioner's appeal (Appeal No. 99121) from the denial of relief in that state court action was still pending before the Kansas appellate courts.

Petitioner correctly points out that he filed his motion for a new trial in his 1996 criminal case, not in the separate civil action cited by the court.[1]  State appellate records disclose that petitioner's appeal from the denial of his motion for a new trial (Appeal No. 98674) was resolved against petitioner with a December 2007 mandate, and thus was not pending when the court dismissed the instant action in July 2008.

Petitioner notes, however, that he filed a second habeas corpus action (Case No. 08-1456) seeking relief based on an intervening change in the law.[2]  Accordingly, the court finds dismissal of this action without prejudice remains appropriate, and continues to find no stay is required to preserve petitioner's ability to refile his petition within the time remaining in the federal one year limitation period, 28 U.S.C. § 2244(d)(1), which the court presumes

---

[1] In the 2006 civil action cited by the court, petitioner proceeded under 42 U.S.C. §§ 1983 and 1985, seeking relief based in main part on his contention the state court judge, judicial clerks, and prosecutors refused to provide him copies of the arrest warrant and probable cause affidavit related to his 1996 conviction. Petitioner's appeal (Appeal No. 99121) from the denial of relief is still pending at this date.

[2] Petitioner further notes that while his second appeal (Appeal No. 94330) from the denial of his first motion for post-conviction relief (Sedgwick Case 00-C-1099) was pending, he filed a motion under K.S.A. 22-3501 for a new trial based upon newly discovered evidence.  Petitioner contends the state district court's dismissal of that motion for lack of jurisdiction was error under Kansas law, and argues this pending action is in part the same as his motion for a new trial.

is stayed by petitioner's pending state court action, 28 U.S.C. § 2244(d)(2).[3]

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 11), is treated as a timely motion to alter and amend under Fed.R.Civ.P. 59(e), and is granted in part to correct factual error, and is denied in all other respects.

**IT IS SO ORDERED.**

DATED:  This 20th day of January 2009 at Topeka, Kansas.

>     s/ Sam A. Crow
>     SAM A. CROW
>     U.S. Senior District Judge

---

[3] The one year limitation period in 28 U.S.C. § 2244(d)(1) began running when petitioner's 1996 conviction became final on December 28, 1999, upon expiration of the time for seeking certiorari review by the United States Supreme Court.  Approximately three months later, the running of that limitation period was tolled by petitioner's filing of his first motion for post-conviction relief, 28 U.S.C. § 2244(d)(2).  The time remaining in the § 2244(d)(1) limitation began running again on October 1, 2007, upon final resolution of that collateral state court review.

The running of the approximate nine months remaining in the § 2244(d)(1) was again tolled some five months later when petitioner filed his second motion for post-conviction relief in the state courts on March 6, 2008.  It thus appears from the information available to the court that upon the Kansas appellate courts' final resolution of petitioner's pending second post-conviction motion, petitioner will have approximately four months remaining in the § 2244(d)(1) limitation period to seek habeas corpus relief in federal court.

Petitioner is reminded that pursuit of certiorari review by the United States Supreme Court in a petitioner's direct appeal, while determinative of the date a state conviction becomes final for the purpose of stating the running of the § 2244(d)(1) limitations period, provides no tolling under § 2244(d)(2) of the federal limitations period if certiorari review is pursued in a collateral state criminal proceeding.  See Lawrence v. Florida, 549 U.S. 327 (2007).